UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

GERALD E. PERRY,

        Petitioner,

v.                                  2:09CV130

COMMISSIONER JAMES S. REINHARD, M.D.,

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

### A.  Background

On July 14, 2008, in the Circuit Court for the City of Chesapeake, Virginia, petitioner was found not guilty of grand larceny of a firearm by reason of insanity. Petitioner was admitted to Central State Hospital (CSH), a facility operated by the Department of Behavioral Health and Developmental Services (DBHDS), for evaluation. On January 26, 2009, a hearing was held pursuant to section 19.2-182.3, of the Virginia Code, to determine whether petitioner should be committed to inpatient hospitalization, conditionally released, or released without conditions. After the evaluator's reports were considered by the court, petitioner was found to be mentally ill and in need of hospitalization. Petitioner was committed to the custody of respondent.    Pursuant to section 19.2-182.85 of the Virginia Code, a review hearing was scheduled

for January 25, 2010, to assess the need for continued hospitalization. After the hearing of January 26, 2009, petitioner remained at CSH until he showed signs of improvement, at which time, his treating professionals determined that it was no longer necessary for him to remain in the maximum security setting at CSH. Accordingly, on August 10, 2009, he was transferred to Eastern State Hospital, another state facility operated by DBHDS.

On March 24, 2009, petitioner a civil complaint in federal court. By order of April 9, 2009, the District Court Judge advised petitioner that his complaint should be construed as a § 2241 petition and ordered petitioner to file a petition on the required forms. Pursuant to the Order, petitioner filed the instant petition on May 14, 2009. However, after reviewing the petition, this Court determined that since petitioner is in custody in a state facility and since his claims challenge the state charge pending against him, the petition should be construed as a § 2254 petition and proceeded accordingly. On May 27, 2009, the Court issued an order directing petitioner to show cause why the petition should not be dismissed for failure to exhaust state court remedies. On June 26, 2009, petitioner filed a response, but did not state a valid explanation for why the petition should go forward.

On July 27, 2009, the undersigned published a report and recommendation, recommending that the petition be dismissed for failure to exhaust state court remedies. On August 5, 2009, petitioner filed objections to the report, and by Order of the District Court of August 17, 2009, the matter was remanded back to the undersigned for further consideration.

2

By Order of August 19, 2009, respondent was ordered to file a response to the petition, and on September 15, 2009, the respondent filed a motion to dismiss. This matter is now ripe for consideration.

### B.  Grounds Alleged

Essentially, petitioner alleges that the trial court erred in not classifying the charge against him as a misdemeanor instead of a felony, thereby violating his Eighth and Fourteenth Amendment rights (Claims 1, 3, and 4), and that his arrest was unlawful (Claim 2).

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993).  The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely.  In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference.  See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

3

## B.  Standard of Review for State Court Findings

The federal statute regarding review of state court actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law.  In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court.  See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)).  As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations.  Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record."  Id. at 432.

## C.  Petitioner's Claims are Not Exhausted and are Not Subject to Federal Review.

4

At the outset, the Court finds that the allegations stated herein are amenable to resolution in a state habeas action, which petitioner has chosen not to pursue. In order to proceed with his claim under § 2254, petitioner must satisfy the statutory exhaustion requirements. Section 2254 provides that:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i)  there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> .  .  .  .
>
> (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)-(c)(2000).

Petitioner has not appealed the verdict of July 14, 2008, finding him not guilty by reason of insanity, nor has he presented his claims to the Supreme Court of Virginia by a petition for a writ of habeas corpus or any other available means. Furthermore, petitioner has not appealed the commitment order of January 26, 2009, pursuant to section 19.2-182.5 of the Virginia Code, nor has he raised any claim relating to the order in the Supreme Court of Virginia by a petition for a writ of habeas corpus or any other available means. Since petitioner has failed to exhaust his state remedies, he in not entitled to habeas

review in this Court.  See 28 U.S.C. § 2254(b); Matthews v. Evatt, 105 F.3d 907, 910-12 (4th Cir. 1997).  Furthermore, petitioner has not provided the Court with a valid reason for not pursuing this matter in the state courts or identified any barriers or circumstances that would prevent him from doing so.  Petitioner's claims are not exhausted and should be DISMISSED.

### D.  Claims 1, 3, and 4 are Noncognizable.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (citations omitted).  In the arena of habeas corpus, federal courts are allowed to "intervene in the state judicial process only to correct wrongs of a constitutional dimension."  Wainwright v. Goode, 464 U.S. 78, 83 (1983) (citation omitted).  Therefore, if petitioner's claims do not allege a constitutional violation, his claims will fail because they are noncognizable in a federal habeas petition.  See Ramdass v. Angelone, 530 U.S. 156, 120 S.Ct. 2113, 2119 (2000); Engle v. Isaac, 456 U.S. 107, 119 (1982); Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999); Fisher v. Angelone, 163 F.3d 835, 854 (4th Cir. 1998); Huffington v. Nuth, 140 F.3d 572, 584 (4th Cir. 1998); Robinson v. Cross, 121 F. Supp.2d 882, 884 (E.D. Va. 2000); Satcher v. Netherland, 944 F. Supp. 1222, 1250 (E.D. Va. 1996); Griffin v. Virginia, 606 F. Supp. 941, 946 (E.D. Va. 1985).

Petitioner alleges that the trial court erred in not classifying the charge of grand larceny as a misdemeanor instead of a felony.  Pursuant to section 19.2-182.5(D), of the Virginia Code, a

6

defendant found not guilty by reason of insanity of a misdemeanor may remain in respondent's custody for a period of not more than one year. At the end of that year, the defendant must be released, conditionally released, or civilly committed. See VA. CODE ANN. § 37.2-800 et seq. Petitioner argues that the crime of grand larceny should have been considered a misdemeanor instead of a felony, thereby limiting his commitment to one year. The classification of an offense as a misdemeanor or a felony is a matter of state prerogative. Argersinger v. Hamlin, 407 U.S. 25, 38 (1972). Therefore, Claims 1, 3, and 4 are not cognizable in federal habeas proceedings and should be DISMISSED.

Petitioner also alleges that his arrest was unlawful due to a racial slur made by one of the responding officers (Claim 2). An unlawful arrest is not cognizable in federal habeas proceedings, and more importantly, petitioner has not alleged a violation of any federal constitutional rights. Claim 2 is noncognizable and should be DISMISSED.

### III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b).  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  See <u>Thomas v. Arn</u>, 474 U.S. 140

(1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).


                                        _____/s/_____
                                        James E. Bradberry
                                        United States Magistrate Judge

Norfolk, Virginia

December 8, 2009

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of

the following:

Gerald Everett Perry, <u>pro</u> <u>se</u>
Central State Hospital
P.O. Box 4030
Petersburg, VA   23803


Allyson K. Tysinger, Esq.
Senior Assistant Attorney General
900 E. Main Street
Richmond, VA   23219


Fernando Galindo, Clerk

By _____
                Deputy Clerk

_____12-8_____, 2009

10